JUDGE BUCHWALD

'08 CIV 3629

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
COPENSHIP A.S.,

                                  Plaintiff,

-v-

VERIFIED COMPLAINT

FREMERY SHIPPING LIMITED, B.V.I., and
FREMERY SHIPPING LMIITED, HONG KONG,

                                  Defendant.
------------------------------------------------------------x

      Plaintiff, COPENSHIP A.S. (hereinafter "COPENSHIP"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendants, FREMERY SHIPPING LIMITED, B.V.I., (hereinafter "FREMERY B.V.I."), and FREMERY SHIPPING LMIITED, HONG KONG, (hereinafter "FREMERY HONG KONG"), alleges upon information and belief as follows:

### JURISDICTION

      1.     The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

### THE PARTIES

      2.     At all times material hereto, Plaintiff, COPENSHIP, was and still is a foreign business entity duly organized and existing pursuant to the laws of Denmark, with an office and principle place of business at Haabets Alle 26B, DK-2700, BRH/Copenhagen, Denmark.

3.  At all times material hereto, Defendant, FREMERY SHIPPING LIMITED, B.V.I., was and still is a foreign business entity duly organized and existing pursuant to the laws of the British Virgin Islands, with an office and principle place of business at Room 809, Seapower Tower, Concordia Plaza, 1 Science Museum Road, Tsim Sha Tsui, Kowloon, Hong Kong.

4.  At all times material hereto, Defendant, FREMERY SHIPPING LIMITED, HONG KONG, was and still is a foreign business entity duly organized and existing pursuant to the laws of the Hong Kong, with an office and principle place of business at Room 809, Seapower Tower, Concordia Plaza, 1 Science Museum Road, Tsim Sha Tsui, Kowloon, Hong Kong.

## FACTS AND CLAIM

5.  On or about November 1, 2007, COPENSHIP, as charterer of the M/V PATCHARA NAREE, and Hanjin, as disponent owner, entered into a time charter party for the vessel at a rate of US$36,300 per day. The time charter party, memorialized on a New York Produce Exchange (NYPE) form, is a maritime contract.

6.  On or about February 18, 2008, COPENSHIP, as disponent owner of the M/V PATCHARA NAREE, and FREMERY B.V.I., as charterer, entered into a voyage charter party for the carriage of iron ore fines in bulk from Misurata, Libya to one (1) safe port Jiangyin or Zhenjiang, China, in charterers option.

7.  The voyage charter agreement, memorialized on a "GENCON" charter party form, is a maritime contract.

8. On or about February 26, 2008, the M/V PATCHARA NAREE arrived at the loading port of Misurata, Libya, however, the charterers, FREMERY B.V.I., were not prepared to load the cargo onboard the vessel.

9. The vessel waited at the port of Misurata, Libya until on or about March 6, 2008, however, FREMERY B.V.I., in breach of the charter party, never supplied any cargo to be loaded onboard the vessel. Consequently, on or about March 6, 2008, charterer, FREMERY B.V.I., in breach of the voyage charter party, unilaterally cancelled the voyage charter agreement.

10. As a direct result of FREMERY B.V.I.'s breach of the February 18, 2008 voyage charter agreement, COPENSHIP was caused to suffer damages in an amount of not less than US$709,490.00.

11. On or about March 25, 2008, COPENSHIP presented FREMERY B.V.I. with their damages claim resulting from FREMERY B.V.I.'s unilateral cancellation of the February 18, 2008, voyage charter agreement.

12. Despite FREMERY B.V.I.'s obligations under that voyage charter agreement, FREMERY B.V.I. has failed, neglected and/or otherwise refused to perform its obligations under the voyage charter agreement.

13. Despite COPENSHIP's repeated demands for payment of the damages sustained by COPENSHIP, FREMERY B.V.I., in breach of the terms of the voyage charter agreement, has failed, neglected and/or otherwise refused to pay plaintiff, COPENSHIP, US$709,490.00, the sum due and owing COPENSHIP.

14. Pursuant to the terms of the voyage charter-party, all disputes arising there under are to be submitted to London arbitration with English law to apply. London

arbitration provides that the prevailing party is entitled to interest costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than US$250,000. On or about April 9, 2008, COPENSHIP demanded FREMERY B.V.I. to proceed to arbitration with this matter.

15.  COPENSHIP's total claim against FREMERY B.V.I., for the amount of the damages resulting from FREMERY B.V.I.'s unilateral cancellation of the voyage charter and for legal fees, costs and interest is US$959,490.

16.  Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant FREMERY B.V.I. and Defendant FREMERY HONG KONG, that no separation exists between them and the corporate form of Defendant FREMERY B.V.I. has been disregarded such that Defendant FREMERY HONG KONG primarily transacted the business of Defendant FREMERY B.V.I.

17.  Upon information and belief, at all material times, Defendant FREMERY HONG KONG, operated in the name of Defendant FREMERY B.V.I. such that Defendant FEMERY HONG KONG was the beneficial owner of FREMERY B.V.I.

18.  Upon information and belief, FREMERY B.V.I. holds itself out as one of FREMERY HONG KONG'S subsidiaries within the FREMERY HONG KONG network.

19.  Upon information and belief, FREMERY B.V.I. and FREMERY HONG KONG are each one of several entities which is operated, controlled and managed as a single economic enterprise known as FREMERY SHIPPING LIMITED.

20. Upon information and belief, among the entities which comprise the FREMERY SHIPPING LIMITED network, including FREMERY B.V.I. and FREMERY HONG KONG, there is a commonality of control and management centered with FREMERY HONG KONG and an overlap of officers, directors and employees.

21. Upon information and belief, at all material times, Defendant FREMERY B.V.I. and Defendant FREMERY HONG KONG, have overlapping ownership, management, personnel and purposes such that Defendant FREMERY B.V.I. and Defendant FREMERY HONG KONG do not operate at arms length.

22. Upon information and belief, at all material times, Defendant FREMERY B.V.I. and Defendant FREMERY HONG KONG, have had common addresses, common contact information such that the Defendant FREMERY B.V.I. has no independent corporate identity from Defendant FREMERY HONG KONG.

23. Upon information and belief, at all material times, there has been an intermingling of funds between Defendant FREMERY B.V.I. and Defendant FREMERY HONG KONG.

24. Upon information and belief, at all material times, Defendant FREMERY HONG KONG has dominated, controlled and used Defendant FREMERY B.V.I. for its own purposes such that there is no meaningful difference between the entities.

25. Upon information and belief, at all material times, Defendant FREMERY HONG KONG has disregarded the corporate form of Defendant FREMERY B.V.I. to the extent that Defendant FREMERY HONG KONG, was actually carrying on FREMERY B.V.I.'s business and operations as if the same were its own, or vice versa.

26. Upon information and belief, Defendant FREMERY B.V.I. utilizes the Defendant FREMERY HONG KONG, to transfer funds through, to and from the Southern District of New York on its behalf.

27. Upon information and belief, there are reasonable grounds to conclude that the Defendant FREMERY HONG KONG is the alter-ego of Defendant FREMERY B.V.I. and, therefore, Plaintiff COPENSHIP has a valid prima facie *in personam* claim against Defendant FREMERY HONG KONG based upon alter ego liability.

## BASIS FOR ATTACHMENT

28. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

29. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendants, FREMERY B.V.I. and FREMERY HONG KONG, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK,

American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendants, up to the amount of USD $959,490.00, to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
      April 16, 2008

                                        CHALOS, O'CONNOR & DUFFY, L.L.P.
                                        Attorneys for Plaintiff
                                        COPENSHIP A.S.

By: _____
                                        George M. Chalos (GC-8693)
                                        366 Main Street
                                        Port Washington, New York 11050
                                        Tel: (516) 767-3600
                                        Fax: (516) 767-3605
                                        Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
COPENSHIP A.S.,

                                      Plaintiff,                    08 CV

-v-

                                                                           **VERIFICATION OF**
                                                                           **COMPLAINT**

FREMERY SHIPPING LIMITED, B.V.I., and
FREMERY SHIPPING LMIITED, HONG KONG,

                                        Defendants.
------------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.      I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, COPENSHIP A.S., herein;

       2.      I have read the foregoing Verified Complaint and know the contents thereof; and

       3.      I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.      The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
      April 16, 2008

                                    CHALOS, O'CONNOR & DUFFY, L.L.P.
                                    Attorneys for Plaintiff
                                    COPENSHIP A.S.

By:    _____
            George M. Chalos (GC-8693)
            366 Main Street
            Port Washington, New York 11050
            Tel: (516) 767-3600
            Fax: (516) 767-3605
            Email: gmc@codus-law.com